**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN S. SWARTS, | CIVIL ACTION NO. 09-2059 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| CLEARBROOK FINANCIAL LLC, et al., | |
| Defendants. | |

**THE PLAINTIFF**, John S. Swarts ("Swarts"), brought this action against defendants, Clearbrook Financial LLC ("Clearbrook") and John L. Morris ("Morris"), on April 30, 2009, to, inter alia, recover damages for an alleged violation of the New Jersey Conscientious Employee Protection Act, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**SWARTS** alleges that Clearbrook is "a Delaware corporation" with "its principal place of business located [in] Princeton, NJ." (Compl. at 2.) Upon the Court's own research, however, it appears that Clearbrook is a limited liability company.[1] Swarts

---

[1] Delaware's Division of Corporations website lists Clearbrook as a domestic limited liability company. See State of Delaware, Division of Corporations, https://sos-res.state.de.us/tin/GINameSearch.jsp (search for "Clearbrook Financial LLC"; then follow "Clearbrook Financial, LLC" hyperlink) (last visited June 5, 2009).

thus has provided allegations as to Clearbrook's citizenship that are "meaningless."  Preferred Merch. Hood, LLC v. Fam. Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship).  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship.  Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003).  Thus, Swarts has not properly asserted Clearbrook's citizenship.

**SWARTS** also alleges - without more - that Morris is "a citizen of the State of New Jersey, residing therein in Princeton, NJ."  (Compl. at 2.)  Swarts asserts that he is a "citizen of the Commonwealth of Pennsylvania" and "resides in West Chester, PA."  (Id.)  The Court, however, is unable to confirm the citizenship of either Morris or Swarts.

**SWARTS** thus has failed to show that he is deemed to be a citizen of a different state in relation to each defendant.  See

2

28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants").  Thus, the Court will dismiss the Complaint, but will do so without prejudice to Swarts to either — within thirty days — (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If Swarts opts to move to reopen, then he does so at his own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**SWARTS** is advised — if he opts to move to reopen — that jurisdiction is measured "against the state of facts that existed at the time of filing."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Thus, Swarts must properly demonstrate (1) Clearbrook's citizenship as it existed specifically on April 30, 2009, i.e., list and analyze each member within Clearbrook, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of Clearbrook's structure,

3

(2) Morris's citizenship on April 30, 2009, e.g., list his home address with supporting documentation, (3) Swarts's own citizenship on April 30, 2009, e.g., list his home address with supporting documentation, and (4) that there is jurisdiction under Section 1332.  Swarts is further advised that he must specifically assert citizenship as it existed on April 30, 2009.

**SWARTS**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any member or party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).  A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania") will be unacceptable.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As Swarts is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity."  CGB

Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

     **THE COURT** will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: June 8, 2009